AO 472 (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
v.
HENRY DANCY
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 09-30160-02

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

This is a presumption case involving controlled substances for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et. sec.). Defendant is a 43 year old husband and father with two prior felony convictions, one in 1989 (CCW) and one in 1992 (Felon in Possession of a Firearm). Although Defendant's employment was not confirmed, his wife stated that he earns approximately $1500 a month helping her out in her hair and nail business.   (CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| March 26, 2009 | s/ Mona K. Majzoub |
|---|---|
| Date | *Signature of Judge* |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Defendant states that his income is derived from his seasonal landscaping business. Defendant has retained counsel. Defendant has resided in Detroit with his wife at the bond address for the past 14 years and has lived in Detroit for all of his life.

The complaint charges that Defendant and his co-defendant Luna conspired to distribute 20 kilos of cocaine, and possessed with intent to distribute cocaine. These charges are based upon on a confidential informant's information that Dancy received multi-kilogram cocaine shipments from co-defendant Luna's Drug Trafficking Organization at an auto repair facility/warehouse located near the intersection of Tyler Street and Schaefer Road in Detroit, Michigan, and that Dancy was usually there to receive the cocaine when it arrived at the warehouse. The confidential informant also advised that co-defendant Luna utilized the same transportation assets that transported the bulk cocaine to transport the drug proceeds. The confidential informant also advised that a shipment of cocaine was scheduled to arrive at the subject warehouse on March 23, 2009, and that the cocaine was stored in the semi-tractor in a manner that required that the gas tank of the semi-tractor be lowered in order to retrieve the cocaine.

A search warrant for the subject auto repair shop was executed on March 24, 2009, and Defendant was present, along with co-defendant, standing next to the semi-tractor. A narcotics canine alerted to the possible presence of narcotics near the gas tank. The gas tank was removed and 20 kilograms were found and identified as cocaine. Defendant told officers that he drove the Dodge Caravan to the warehouse, but that it belonged to a friend of his. The other car, a pickup truck, was rented on March 17, 2009 in Pasadena, California, in the name of Enrique Ortiz.

Defendant offered that his family was present in the courtroom, and that defendant's wife offered to act as a third party custodian for defendant, and requested bond. Defendant also questioned the basis the government's proffered proofs, including the Pretrial Services Report which recommends bond.

This Court finds that Defendant did not adequately rebut the presumption of detention. Although he does demonstrate family and community ties, his employment is unclear, the nature and seriousness of the charges, which include being involved in an inter-state drug organization, a conspiracy to distribute 20 kilograms of cocaine worth between $600,00 and $700,000, pose a danger to the community and also render him a flight risk. The court finds probable cause to believe that Defendant committed the acts with which he is charged.

The Court finds that no condition or combination of conditions will reasonably assure the appearance of the Defendant or the safety of the community. Detention is Ordered.